**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZACK HEIDNER,<br><br>Plaintiff,<br>v.<br><br>ROBERT BEVIS and LAW WEAPONS INC.,<br><br>Defendants. | Case No. 1:26-cv-03782<br><br>Honorable Sunil R. Harjani |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Zack Heidner brought an action for breach of contract against Defendants Robert Bevis and Law Weapons Inc. (LWI) in Illinois state court. Heidner claims Defendants failed to deliver a firearm prototype and materials related to its design and construction under their contract. In response, Defendants filed affirmative defenses and a counterclaim and removed this case to federal court, asserting that one of their counterclaims arises under federal copyright law. Heidner now seeks to remand the case back to state court. [11]. For the reasons stated below, the Court grants the motion to remand.

**Background**

On February 17, 2026, Heidner filed a complaint in state court against Defendants alleging one count of breach of contract. Heidner alleges that the parties contracted for Defendants to manufacture and deliver two prototype firearms according to Heidner's specifications, and in return, Heidner agreed to pay Defendants $100,000. [1] at 10. Heidner asserts that Defendants were obligated not only to deliver the two prototype firearms, but also to provide all materials, engineering, machining, assembly, and testing. *Id.* Heidner alleges that despite paying $100,000, Defendants failed to perform under the contract. *Id.* According to Heidner, he received only a single prototype rifle, made only partially to his specifications, and some design-related drawings. *Id.*

On April 6, 2026, Defendants filed their answer, affirmative defenses, and counterclaim against Heidner and new counter defendant Aegis Cognis LLC. [1] at 33. Defendants allege in their counterclaims that, in late 2024, Heidner approached them with a general concept for a battery-powered AR-15-platform rifle and that the parties orally agreed Defendants would design, engineer, and manufacture prototype rifles and would pursue a commercial relationship in the future. *Id.* at 28. Defendants further assert that the parties orally agreed that: "(a) all patent rights in the rifle

would be owned by and held exclusively in the name of LWI; (b) Counter-Plaintiff Bevis would hold a thirty percent (30%) ownership interest in any company, partnership, or other entity formed to commercialize the rifle; and (c) LWI would be the exclusive manufacturer of the rifle." *Id.* According to Defendants, the parties also agreed on how to address law enforcement and civilian distribution channels. *Id.* Bevis alleges that he exclusively conceived, designed, and engineered the rifle and all technical specifications. *Id.* at 29. Then, Defendants allege that Heidner formed Aegis Cognis LLC to commercialize the rifle without Defendants' knowledge or consent and that Aegis attempted to register trademarks related to the rifle. Defendants' counterclaim brought three counts. First, Counterclaim I alleges a breach of oral contract. *Id.* at 30–31. Counterclaim II alleges that plaintiffs were unjustly enriched by retaining the benefits of defendants' labor. *Id.* at 31. Finally, Counterclaim III seeks a declaratory judgment establishing their rights to ownership of all copyrights in the designs, drawings, and technical documents related to the rifle and that the counter-defendants have no ownership interests. *Id.* at 31–32.

Defendants contend this third counterclaim establishes federal jurisdiction in their notice of removal. They assert that their declaratory judgment claim arises under the federal Copyright Act, 17 U.S.C. §§ 101 et seq. *Id.* at 2. Defendants contend that all drawings, files, and documentation related to the firearm prototypes are their original works, and their counterclaim for a declaratory judgment of the copyright ownership necessarily implicates federal issues of authorship, vesting, and transfer. *Id.* at 3. Defendants removed the claim to federal court, but Plaintiff now moves to remand the action to state court, claiming the issue is not authorship or ownership under copyright law but merely a contractual dispute between the parties. [11] at 3.

## Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *United States v. Wahi*, 850 F.3d 296, 299 (7th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Defendants contend that this action is removable under 28 U.S.C. § 1454 and that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Under Section 1331, federal district courts possess original jurisdiction in all civil actions that arise under the Constitution, laws, or treaties of the United States. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). As relevant here, federal district courts have original jurisdiction over any civil action arising under federal copyright law. 28 U.S.C. § 1338(a). Defendants seek to remove the action to federal court under 28 U.S.C. § 1454, a statute that allows any party to remove a civil action by asserting a claim arising under any Act of Congress relating to copyrights. *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019).

As the party seeking removal, Defendants have the burden of presenting evidence establishing federal jurisdiction. *See Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 682 (7th Cir. 2006). The Seventh Circuit has held that federal courts should interpret the removal statute narrowly and resolve any doubt in favor

of the plaintiff's choice of forum in state court. *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). Additionally, the party seeking removal must prove "jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

## Discussion

Defendants removed this case to federal court, but Heidner seeks to remand it back to state court. To determine if remand is appropriate, the Court must address whether Defendants' declaratory action counterclaim is sufficient to establish jurisdiction to remove this case to federal court.

### I. Removal Under Section 1454

Defendants assert that they can remove this case to federal court under 28 U.S.C. § 1454 because of Counterclaim III. Section 1454 was passed to provide federal courts with a broader range of jurisdiction over patent and copyright claims. *Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015). Section 1454 achieves this by providing federal courts with jurisdiction over claims arising under patent or copyright "laws *even* when asserted in counterclaims, rather than in an original complaint." *Id.* (emphasis in original). Thus, it provides an exception to the general rule that requires considering only the plaintiff's complaint to determine whether removal is appropriate.

The bulk of the parties' arguments focus on whether Defendants' counterclaim is a claim arising under copyright law or merely a breach-of-contract claim masquerading as a copyright claim. Heidner argues that Defendants lack a valid federal counterclaim because their dispute is not a copyright claim but rather a contract claim governed by state law. [11] at 2. Defendants respond that their counterclaim does not pose a contract question dressed up as a copyright claim, but that it requires a federal court's judgment on the question of federal copyright ownership. [14] at 2.[1]

While claims arising under copyright law may be removed to federal court, the Seventh Circuit has held that when a dispute merely relates to allocation of ownership rights through a contract, the dispute arises under state contract law. *See Affymax, Inc. v. Ortho-McNeil-Janssen Pharms., Inc.*, 660 F.3d 281, 284 (7th Cir. 2011) ("[C]ontroversies about contracts that allocate ownership of copyrights arise under the contract, not the copyright laws."). The "Supreme Court has long given a narrower meaning to 'arising under' in statutes defining the jurisdiction of the district courts." *Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 915 (7th Cir. 2001). The Seventh Circuit warned that many federal statutes create property rights that may become the subject of ownership disputes and that "[a]ny fight about ownership could be recharacterized as a claim for redress under federal

[1] The Court notes that neither party alleges that any federal copyrights have been filed or are currently being sought for any of the materials discussed in this case.

law." *Id.* at 914. The appellate court reiterated that the Supreme Court has cautioned that claims "forcefully stating federal ingredients do not necessarily arise under federal law," and rejected parties' attempts at "'artful pleading' in an effort to create a federal issue that is not really there, or avoid one that is essential, no longer succeeds." *Id.* at 915 (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983)). Thus, a contractual dispute cannot be dragged into federal court because a party seeks a declaratory judgment about potential copyright ownership rights that could exist in works created because of the contract.

In *International Armor*, two limousine manufacturers disagreed over who owned the rights to use a specific corporate name and trademarks. *Id.* at 913. The Seventh Circuit found that although the case appeared to raise trademark issues on its face, the central issue turned on interpreting how their prior contracts allocated ownership rights. *Id.* at 916. Ultimately, the court concluded that any federal questions were merely derivative of the rights conferred by the contract, and federal jurisdiction was not satisfied. *Id.*

Here, as in *International Armor*, the only serious dispute between the parties is how their written and oral contracts allocate ownership rights and performance obligations. The parties' agreements determine what services, rights, and products should be provided and how they should be divided. Notably, the same allegations underlie both the counterclaim for breach of an oral contract and the declaratory judgment claim. Specifically, in their breach-of-contract counterclaim, Defendants seek to enforce the parties' oral contract assigning ownership of rights and ownership interests in the future commercialization of the rifle, while in their declaratory judgment claim, Defendants ask the court to declare the ownership interests in those same rights. The question of ownership of any copyrights arising from the parties' agreements is a question of contract law. Defendants cannot masquerade their contract dispute as a copyright claim merely by alleging a declaratory action claim. *See Id.* at 915 ("Instead of relying on the contract claims directly, they have tried to frame trademark issues that immediately vanish, a coat of water-soluble paint that washes away to reveal the contract dispute underneath. That disappearing-ink trick does not create federal jurisdiction; it simply defines artful pleading."). Put another way, the dispute between the parties is one of contractual rights: who owns what, what must be turned over, and what the business arrangement for future sales should be. None of those questions require interpreting the Copyright Act. Thus, Defendants may not maneuver a breach of contract claim into federal court by framing the dispute of ownership as a declaratory judgment claim.

## II. Attorney Fees

Lastly, Heidner requests an award of reasonable attorney fees and costs incurred in connection with this motion. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546

U.S. 132, 141 (2005). Heidner's motion and reply are void of any argument that there are unusual circumstances here or that it was objectively unreasonable for Defendants to seek removal, and the Court finds there are none. Therefore, the Court denies Heidner's request for attorneys' fees and costs.

## Conclusion

For the reasons stated above, Defendants do not meet their burden of establishing federal jurisdiction and Heidner's motion to remand [11] is granted. Thus, the case is remanded back to state court.

**SO ORDERED.**

Dated: November 5, 2026

Sunil R. Harjani
United States District Judge